UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKIE H. RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04742-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jackie H. Richardson ("Richardson"). For the reasons explained in this Order, the motion is **DENIED** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. FACTUAL BACKGROUND

On April 10, 2013, Richardson was charged in an indictment with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of illegal possession of a machine gun, in violation of 18 U.S.C. § 922(o). *United States v. Richardson*, No. 1:13-cr-00070-TWP-DKL-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), Dkt. 11. Richardson was initially represented by retained counsel Laura Paul ("Paul"). *See, e.g.*, Crim. Dkt. 5.

On June 11, 2013, Richardson filed a petition to enter a guilty plea and plea agreement. Crim. Dkt. 29; Crim. Dkt. 30. However, on January 28, 2014, Richardson filed a motion to withdraw the petition to plead guilty and a motion to dismiss the indictment. Crim. Dkt. 47; Crim. Dkt. 48. The Court granted Richardson's motion to withdraw the petition to plead guilty. Crim. Dkt. 51.

On February 24, 2014, a hearing was held on Richardson's motion to dismiss the indictment, and the Court denied Richardson's motion to dismiss the indictment on February 27, 2014. Crim. Dkt. 63.

On February 24, 2014, Paul withdrew as Richardson's counsel, asserting that Richardson had terminated her representation. Crim. Dkt. 55. The Court granted Paul's motion and appointed counsel for Richardson. Crim. Dkt. 61. Gwendolyn M. Beitz ("Beitz") from the Indiana Federal Community Defenders, Inc. thereafter appeared for Richardson. Crim. Dkt. 64.

On March 25, 2014, Richardson filed a petition to enter a guilty plea and plea agreement. Crim. Dkt. 69; Crim. Dkt. 70. The parties also filed a stipulated factual basis. Crim. Dkt. 71. The plea agreement, entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), provided that Richardson would plead guilty to both counts of the indictment and, as part of this bargain, the parties agreed that Richardson would receive a sentence of 120 months' imprisonment. Crim. Dkt. 69 at 1-3.

Richardson agreed and understood that the Court would take into account the Sentencing Guidelines in determining whether to accept or reject the specific agreed to sentence, but that the Sentencing Guidelines are only advisory in nature. *Id.* at 2.

Ricahrdson's plea agreement included a limited waiver of his right to appeal or challenge his sentence. Richardson waived his right to appeal or otherwise challenge his conviction, except that the appellate waiver did not encompass claims that he received ineffective assistance of counsel. *Id.* at 4-5. He also agreed not to appeal the sentence imposed as long as the Court accepted the Rule 11(c)(1)(C) plea. *Id.* However, the plea agreement contained a provision that allowed for an appeal of the denial of his motion to dismiss the indictment. *Id.* at 3.

Richardson stipulated that, under the United States Sentencing Guidelines ("U.S.S.G."), his base offense level was 22 based on § 2K2.1(a)(3). *Id.* at 6. Eight levels were added because the offense involved between 100 and 199 firearms, § 2K2.1(b)(1)(D). *Id.* The parties also stipulated that, because Richardson had demonstrated recognition and affirmative acceptance of personal responsibility, he was entitled to a three-level reduction pursuant to U.S.S.G. § 3E1.1. *Id.*

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). *See* Crim. Dkt. 43. Richardson's total offense level was 27. *Id.* ¶ 27. Richardson's total criminal history score was 9, which established a criminal history category of IV. *Id.* ¶ 35. An offense level 27 combined with a criminal history category IV resulted in a Guidelines range of 100-125 months' imprisonment. *Id.* ¶ 61.

A change of plea hearing was held on March 28, 2014 in which the Court found that there was a factual basis for the plea and the plea was made voluntarily. Crim. Dkt. 73. On April 17, 2014, the Court accepted Richardson's guilty plea and pursuant to the terms of the plea agreement under Rule 11(c)(1)(C), sentenced Richardson to 120 months' imprisonment to be followed by 3

years' supervised release. Crim. Dkt. 75. Judgment was entered on April 22, 2014. Crim. Dkt. 77. Richardson appealed the Court's denial of his motion to dismiss the Indictment. Crim. Dkt. 79. On March 12, 2015, the Seventh Circuit found that the district court was correct that there was no violation of the speedy trial act and affirmed the Court's judgment. *See United States v. Richardson, 780 F.3d 812* (7th Cir. 2015). Richardson filed a petition for writ of certiorari with the United States Supreme Court that was denied on January 9, 2017. *Richardson v. United States*, 137 S. Ct. 654 (2017).

On December 27, 2017, Richardson filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1. The United States filed a response, Dkt. 8, and Richardson filed a reply, Dkt. 12.

### III. DISCUSSION

Richardson seeks relief pursuant to § 2255 arguing that his first trial counsel provided ineffective assistance of counsel when she coerced him to accept the plea agreement through threats and intimidation from the U.S. Attorney's office. Dkt. 1 at 5; Dkt. 2 at 2-8. Richardson also argues that the district court erred in failing to recognize and credit his fifteen months in state detention towards his service of his federal sentence. Dkt. 1 at 6; Dkt. 2 at 8-10.

**A. Ineffective Assistance of Counsel**

Richardson argues that his first trial counsel, Laura Paul, was ineffective by coercing him to accept a plea agreement. As proof, he identifies a January 16, 2014, letter from Paul, Dkt. 2-1, as containing threats against his family. Richardson does not allege that his second trial counsel, Gwendolyn M. Beitz, was ineffective, or that the plea agreement when he was represented by Beitz was involuntary and void. *See* Dkt. 1; Dkt. 2; Dkt. 12.

4

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

In the context of guilty pleas, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As an initial matter, although Richardson perceives Paul's statements in her January 16, 2014, letter to be "threats" that coerced him to plead guilty, the Court does not agree Richardson's assessment. The January 16, 2014, letter discusses Richardson's decision to file a motion to withdraw his first petition to plead guilty and plea agreement. Because the letter came after Richardson had already signed the first plea agreement, the letter could not have been responsible

for his first plea agreement when the letter came later in time. Moreover, Paul explained to Richardson:

> I advised [the Assistant U.S. Attorney] that you would likely be withdrawing your Petition to Plead Guilty and filing a Motion to Dismiss before the sentencing hearing. His position was that, if you want to pursue this motion and then lose, he is still likely to abide by his promise to refrain from prosecuting your sister and your father, and that he will not seek additional charges against you, so long as you go forward with the plea agreement. I am curious about what your response is to this, and what you see as your options if this motion to dismiss fails.
>
> Finally, I urge you one more time to reconsider filing this Motion. Because I do not believe you have a chance of winning, I believe you are placing yourself in jeopardy of a harsher and longer sentence, should the government seek additional charges and consecutive sentencing. Because of the documentary evidence they have of the time of your purchase of several of the firearms, they can make those arguments. You would also place your sister, and possibly your father, in danger of prosecution. I recall how upset you were by the prospect of their being drawn into this case, and how quick you were over the summer to ensure that this did not happen. I know that you feel that your sister and your father are not in danger of being convicted; however, I think that the documentary evidence of the use of your sister/s credit cards and mailing address certainly gives the government enough evidence to begin the process of prosecuting her, which in and of itself would be a painful experience, and could also be damaging to her professional life. That being said, I cannot predict with certainty what action the government will take against you or against your family based on a decision. . . .

Dkt. 2-1. Paul's statements provide appropriate counsel to Richardson and while she urges him to continue with the plea agreement, her statements are not threatening towards Richardson or his family. Thus, Richardson fails to show that Paul provided ineffective assistance of counsel.

Richardson also fails to show he was prejudiced by Paul's counsel. Despite Paul's January 16, 2014 letter urging him to continue with his first plea agreement, two weeks later, on January 28, 2014, Richardson filed a motion to withdraw the plea agreement, which the Court granted. On March 25, 2014, with the assistance of his second attorney, Court-appointed counsel Beitz, Richardson filed a second petition to enter a guilty plea and plea agreement. On April 17, 2014, the Court accepted Richardson's guilty plea, finding that there was a factual basis for the plea and

6

the plea was made voluntarily. Richardson fails to show he was prejudiced by his first counsel where he withdrew from the first plea agreement, and later pleaded guilty with the benefit of advice from his second counsel.

Accordingly, habeas relief is not available to Richardson on the ground of ineffective assistance of counsel.

**B.    Court's Failure to Account for Fifteen Months in Richardson's Sentence**

Richardson next argues that, in violation of his due process rights, the district court erred in failing to recognize and credit his fifteen months in state detention towards his service of his federal sentence. Dkt. 1 at 6; Dkt. 2 at 8-10. In response, the United States argues that such a claim must be brought in a petition under 28 U.S.C. § 2241. Dkt. 8 at 12. Richardson disagrees, citing *Setser v. United States*, 566 U.S. 231 (2012), and *United States v. Herman*, 884 F.3d 705 (7th Cir. 2018). In *Herman*, the Seventh Circuit vacated and remanded a district court's sentencing on direct appeal because the district court erred in overlooking the fact that it possessed the authority to impose concurrent sentences. *Id.*

For the reasons explained below, Richardson's claim is barred by his plea waiver and is procedurally defaulted.

    1.    <u>Waiver of § 2255 Motion</u>

Richardson's plea agreement included a specific provision where he agreed:

> that in the event the Court accepts the Rule 1l(c)(l)(C) plea provided for in this agreement and ultimately sentences JACKIE RICHARDSON consistent with this agreement, JACKIE RICHARDSON expressly waives his right to appeal his conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742, regardless of how the sentence is calculated by the Court. Similarly, JACKIE RICHARDSON also waives his right to contest his conviction and the sentence imposed in this case on any ground, including the manner in which the sentence was determined, in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, as long as the Court accepts the Rule 1l(c)(l)(C) plea provided

> for in this plea agreement and ultimately sentences JACKIE RICHARDSON consistent with this agreement. This Section 2255 Waiver does not encompass claims that JACKIE RICHARDSON received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

Crim. Dkt. 69 at 5.

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011); *see also Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016). The Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997); *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997); *see also United States v. Worthen*, 842 F.3d 552, 554-55 (7th Cir. 2016) (appeal waiver in plea agreements is enforceable and precludes appellate review absent the imposition of a sentence that exceeds the statutory maximum for the crime committed so that, because defendant's possible invalid sentence enhancement from the "crime of violence" did not exceed the statutory maximum, his appeal waiver was valid and enforceable).

There is nothing in the record to suggest that Richardson's plea was not voluntary, valid and enforceable. Because Richardson's claim about his sentence falls within the waiver, Richardson's waiver precludes the relief he seeks.

2. Procedural Default

Even if Richardson's claim was not precluded by his plea waiver, his claim is procedurally defaulted. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003). "A § 2255 petition is not a substitute for direct appeal." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (internal citations omitted). However, constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *Massaro,* 538 U.S. at 504. In order to show cause for a procedural default, Richardson must demonstrate that some objective factor external to the record impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). If a petitioner is unable to demonstrate both cause and prejudice, he may be able to obtain habeas review only if he can persuade the court that the dismissal of his petition would result in a fundamental miscarriage of justice – that is, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Richardson filed a direct appeal in which he challenged only his Sixth Amendment right to a speedy trial. Because Richardson's sentencing claim should have been brought on direct appeal, and was not, his claim is procedurally defaulted. In addition, Richardson has not demonstrated cause and prejudice to overcome the default. Thus, habeas relief is not available to Richardson on his sentencing claim.

## IV. CONCLUSION

For the reasons explained in this Order, Richardson is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and his sentence calculation claim is both barred by his plea waiver and procedurally defaulted. Accordingly, the motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:13-cr-00070-TWP-DKL-1.** The motion to vacate (Crim. Dkt. 99) shall also be **terminated** in the underlying criminal action.

## V. CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Richardson has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 11/28/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JACKIE H. RICHARDSON
05913-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
matthew.rinka@usdoj.gov